IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DIST▓ ▓ ▓ COURT
DENVER, CO▓

JUL 1 3 2007

GREGOR▓ ▓ ▓ ▓ ▓ M
▓LERK

Civil Action No. 07-cv-01195-BNB

DANIEL DESHAWN LANE,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF [sic] OFFICE,
EL PASO COUNTY DISTRICT ATTORNEY [sic] OFFICE,
STATE OF COLORADO,
4TH JUDICIAL DISTRICT COURT, and
DANIEL AUGUST,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Daniel Deshawn Lane, appears to be a pretrial detainee who currently is confined at the Criminal Justice Center in Colorado Springs, Colorado. He initiated this action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993), alleging that the defendants violated his rights under the United States Constitution. He seeks money damages as relief.

The Court must construe the complaint liberally because Mr. Lane is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress &*

*Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Lane will be directed to file an amended complaint.

Mr. Lane asserts claims arising out of his May 6, 2007, arrest, including claims that he is being maliciously prosecuted by the El Paso County District Attorney's Office and that on May 23, 2007, he was subjected to excessive force by El Paso County sheriff's deputies, none of whom is named as a defendant.

Mr. Lane is suing improper defendants. Any claims he is asserting against the State of Colorado are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Similarly, the defendants identified as the "4th Judicial District Court" and "El Paso County District Attorney [sic] Office" are state agencies that also are entitled to Eleventh Amendment immunity.

Mr. Lane may not sue the El Paso County Sheriff's Department. The sheriff's department is not a separate entity from El Paso County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the sheriff's department must be considered as asserted against El Paso County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C.

§ 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Lane cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Lane also may not sue Daniel August, who he does not allege is a state actor. *See Adickes*, 398 U.S. at 150. Mr. Lane must name each defendant he intends to sue in the caption to the amended complaint, he must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Lane must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Lane may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Lane uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Lane will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Lane "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's

4

action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

Lastly, Mr. Lane must clarify whether he is a pretrial detainee or a convicted felon. Accordingly, it is

ORDERED that Mr. Lane file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Lane, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Lane submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Lane fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction

within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 13, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  07-cv-01195-BNB

Daniel D. Lane
Prisoner No. A0245748
El Paso County Det. Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906


I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on____7/13/67____


GREGORY C. LANGHAM, CLERK


By:_____
                    Deputy Clerk